**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **DEMARCUS KENARD JOE,** ) | |
| **ID # 1047716,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:16-CV-0275-L-BH |
| ) | |
| **GARY FITZSIMMONS, District Clerk,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, this case should be **DISMISSED**.

**I. BACKGROUND**

Demarcus Kenard Joe (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He challenges his convictions and life sentences in Cause Nos. F01-21550 (capital murder) and F01-21548 (capital murder) in the 363rd Judicial District Court of Dallas County, Texas, on June 22, 2001. Petitioner also challenges his conviction in F0049647 (UUMV - unlawful use of a motor vehicle), for which he was sentenced to three months of probation on July 18, 2000. (*See* www.dallascounty.org/criminalBackgroundSearch, search for petitioner or Cause No. F0049647, last visited February 17, 2016). According to public records, he is currently in custody only on the two life sentences in Cause Nos. F01-21550 and F01-21548. (*See* www.offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05903313, search for petitioner, last visited February 17, 2016). Petitioner concedes that he is serving two life sentences. (*See* doc. 3 at 2).

Petitioner previously challenged his capital murder convictions and sentences in Cause Nos. F01-21550 and F01-21548 under § 2254 in *Joe v. Fitzsimmons*, No. 3:15-CV-3303-B (N.D. Tex.), and *Joe v. Fitzsimmons*, No. 3:15-CV-3379-B (N.D. Tex.). The cases were consolidated and dismissed as barred by the statute of limitations by amended judgment on February 3, 2016. *See Joe v. Fitzsimmons*, No. 3:15-CV-3303-B (N.D. Tex. Feb. 3, 2016) (docs. 13, 17, 19).

Petitioner mailed his current § 2254 petition on January 25, 2016. (*See* doc. 3 at 10).

## II. PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "the person' with the ability to produce the prisoner's body before the habeas court." 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id*. at 435. Here, because Petitioner challenges convictions and sentences that have resulted in his incarceration in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions (William Stephens, Director of TDCJ-CID) is a proper respondent. *See id*.; Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions.").

2

Here, Petitioner named Gary Fitzsimmons, Dallas County District Clerk, as the respondent. A habeas petitioner's failure to name the proper respondent is a procedural rather than a jurisdictional defect that may be corrected by amendment of the petition. *See Flores v. Dretke*, 120 Fed. App'x 537, 539 (5th Cir. 2005) (noting that district court should have required petitioner to amend his petition to name the proper custodian to cure what amounted to a mere procedural defect), citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973) ("Failure to name a proper respondent is a procedural rather than jurisdictional defect, and it may be corrected by amendment of the petition."), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975). The Clerk of Court should be directed to substitute William Stephens for Gary Fitzsimmons as the proper respondent in this case. *See Shackelford v. Thaler*, 2011 WL 4067955 (S.D. Tex. September 13, 2011) (TDCJ-CID Director substituted for state district judge as respondent).

### III. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement is a jurisdictional prerequisite, and a

3

petitioner must be in custody at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, one satisfies the "in custody" requirement when the sentence for the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). While actual physical detention is not required to meet this custody requirement, there must be some restraint on the liberty of a person. *Jones v. Cunningham*, 371 U.S. 236 (1963). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Petitioner is challenging his conviction in Cause No. F0049647, and he seeks a dismissal of the deferred adjudication probation. (See doc. 3 at 6). Public records show, and he concedes, that he is serving two life sentences in Cause Nos. F01-21550 and F01-21548. Because Petitioner is not in custody pursuant to Cause No. F0049647, his challenge to that conviction should be **DISMISSED** for lack of subject matter jurisdiction.

## IV. DUPLICATIVE PETITION

Petitioner now challenges the same two convictions in Cause Nos. F01-21550 and F01-21548, that he also challenged in *Joe v. Fitzsimmons*, No. 3:15-CV-3303-B. His current petition was received on February 1, 2016, two days before No. 3:15-CV-3303-B was dismissed as barred by the statute of limitations on February 3, 2016. Because No. 3:15-CV-3303-B was still pending when he filed his challenge to these two convictions, it should be **DISMISSED** as duplicative. *See Morris v. Stephens*, 599 F. App'x 148, 150 (5th Cir. 2015) (upholding dismissal of § 2254 petition as duplicative of another pending § 2254 petition); *Brock v. Cockrell*, No. 3:03-CV-340-M, 2003 WL 21418792 (N.D. Tex. March 26, 2003) (§ 2254 petition dismissed as duplicative of another pending

§ 2254 petition), citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993), and *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989); *Carter v. Westbrook*, No. 3:12cv666-CWR-FKB, 2013 WL 1891288 at *3 (S.D. Miss. May 6, 2013) (dismissing § 2254 petition filed while prior successive § 2254 petition was pending as duplicative even though the prior petition was no longer pending at the time of dismissal); *cf. Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (discussing "the longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought'") (citations omitted).

## V. RECOMMENDATION

The Clerk of Court should be directed to substitute William Stephens for Gary Fitzsimmons as the proper respondent. The petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED** for lack of subject matter jurisdiction as to Cause No. F0049647, and it should be **DISMISSED** as duplicative as to Cause Nos. F01-21550 and F01-21548.

**SIGNED** this 17th day of March, 2016.

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6