IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEMARCUS KENARD JOE**, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-275-L** |
| | § | |
| **GARY FITZSIMMONS, District Clerk,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

This habeas case was brought by Petitioner Demarcus Kenard Joe ("Petitioner") pursuant to 28 U.S.C. § 2254 and referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on November 2, 2015, recommending that the court: (1) substitute William Stephens for Gary Fitzsimmons as the proper respondent; (2) dismiss for lack of subject matter jurisdiction Petitioner's habeas petition as to Cause No. F0049647; and (3) dismiss as duplicative Petitioner's habeas petition as to Cause Nos. F01-21550 and F01-21548.  After entry of the Report, Petitioner filed an amended petition and correspondence in this case but did not file objections to the Report.  The amended petition pertains to the same state court convictions and cases that are the basis of the original petition and seeks the same relief as that sought in the original petition.  As a result, it does not affect the magistrate judge's findings, conclusions, and recommendations.

Having reviewed the pleadings, file, Report, and record in this case, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **directs** the clerk to **substitute** William Stephens for Gary Fitzsimmons

Order – Page 1

as the proper respondent in this case; (2) **dismisses without prejudice** for lack of subject matter jurisdiction Petitioner's amended habeas petition as to Cause No. F0049647; and (3) **dismisses without prejudice** as duplicative Petitioner's amended habeas petition as to Cause Nos. F01-21550 and F01-21548.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
  **(a)  Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  (**b**)  **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 20th day of April, 2016.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

Order – Page 3