IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEMARCUS KENARD JOE**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:16-CV-275-L** |
| | § | |
| **WILLIAM STEPHENS, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On April 20, 2016, the court dismissed without prejudice for lack of subject matter jurisdiction Petitioner's amended habeas petition as to his criminal conviction in Cause No. F0049647 and dismissed without prejudice as duplicative Petitioner's amended habeas petition as to Cause Nos. F01-21550 and F01-21548. On May 2, 2016, the court received Petitioner's "Declaration of a (State) Constitution Violation of Double Jeopardy" ("Declaration") (Doc. 14). As Petitioner is proceeding pro se, the court construes his Declaration liberally as a Motion for Reconsideration Under Rule 59(e) of the Federal Rules of Civil Procedure[1] ("Rule 59(e) Motion"

---

[1] Rule 59(e), rather than Rule 60(b), applies here because Petitioner filed his Motion less than 28 days after the final judgment in this case was entered. *See Demahy v. Schwarz Pharma, Inc*., 702 F.3d 177, 182 n.2 (5th Cir. 2012). As explained by the 5th Circuit in *Demahy* regarding the two rules:

> A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. Here, the relevant motion was filed within the applicable twenty-eight day time frame, and we thus consider it as a motion to amend the judgment under Rule 59(e).

*Id.* at n.2 (internal citations omitted).

**Memorandum Opinion and Order – Page 1**

or "Motion").[2] After considering the Rule 59(e) Motion, the court determines that it should be and is hereby **denied** for the reasons that follow.

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Amending a judgment under Rule 59(e) is appropriate: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy*, 702 F.3d at 182 (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment," *Templet*, 367 F.3d at 478, and may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Reconsideration of a judgment under Rule 59(e) is, therefore, considered "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

---

[2] The Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are not inconsistent with the statutory provisions and rules applicable to habeas cases, including The Antiterrorism and Effective Death Penalty Act of 1996 and it limits on successive federal petitions. *See Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007) (discussing and quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and the applicability of Rule 60(b) in habeas cases). Petitioner's Rule 59(e) Motion merely reiterates his prior argument regarding double jeopardy without presenting a new claim for relief, presenting new evidence in support of a claim already litigated, or relying on a change in the substantive law governing his claim. *See Ruiz*, 504 F.3d at 526. Further, Petitioner's habeas claims in this action were dismissed without prejudice without a ruling on the merits. *See id.* As a result, Petitioner's Rule 59(e) Motion is not a successive habeas claim and creates no inconsistency with the habeas statute or rules. *Id.*

**Memorandum Opinion and Order – Page 2**

Petitioner contends in his Motion that his convictions in Cause Nos. F01-21550 and F01-21548 are barred by double jeopardy. The Double Jeopardy Clause of the Fifth Amendment protects against: (1) "a second prosecution for the same offense after acquittal"; (2) "a second prosecution for the same offense after conviction"; and (3) "multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977). In this case, the court dismissed Petitioner's habeas claims without prejudice on jurisdictional grounds without addressing the merits of his habeas claims, including his claim based on double jeopardy. Moreover, this argument was previously raised in Petitioner's Amended Petition. The court, therefore, concludes that Petitioner's double jeopardy argument is not a valid basis for relief in this case under Rule 59. *See Templet*, 367 F.3d at 478; *Forsythe*, 885 F.2d at 289.

Petitioner's Rule 59(e) Motion also includes a request for "Bail Status (Jail) Trial Docket – Criminal District Court – Dallas, County, Texas." Mot. 3. It is not entirely clear what relief Petitioner seeks by this request. To the extent Petitioner seeks information regarding his state criminal cases, his request for information in this regard must be directed to the state trial court, as such relief is not available in a federal habeas action and does not present a basis for relief under Rule 59 from the judgment entered by the court in this case. Accordingly, the court **denies** Petitioner's Rule 59(e) Motion.

**It is so ordered** this 6th day of May, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge